**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**MICHAEL OWENS, #R5927**                                                    **PETITIONER**

**VERSUS**                                        **CIVIL ACTION NO. 1:04cv898-DMR-JMR**

**WARDEN EARNEST LEE and JIM HOOD**                              **RESPONDENTS**

<u>**REPORT AND RECOMMENDATION**</u>

This matter is before this Court on the Respondents' Motion [13-1] to Dismiss Pursuant to

§ 2244(d).  Having considered the Respondents' Motion [13-1], along with the entire record and the

applicable law, this Court finds that the Motion [13-1] is well-taken and should be granted.

Accordingly, Owens' petition in the above-captioned action should be dismissed.

**I. Statement of the Case**

The Petitioner, Michael R. Owens ("Owens"), entered a plea of guilty to manslaughter and

jail escape in the First Judicial District of the Circuit Court of Harrison County, Mississippi.  By an

Order filed July 22, 1998, Owens was sentenced to serve a term of twenty (20) years on the

manslaughter conviction and a consecutive term of five (5) years on the escape conviction, said

sentences to be served in the custody of the Mississippi Department of Corrections.  (*See* Order,

attached to Respondents' Motion to Dismiss as Exhibit "A").

Owens' judgment of conviction became final on August 21, 1998, thirty days after he was

sentenced on his guilty plea.  By statute, there is no direct appeal from a guilty plea.  (*See* Miss. Code

Ann. § 99-35-101).  Owens submitted his federal habeas petition sometime between December 6,

2004, the date he signed it, and December 20, 2004, the date it was stamped "filed."  According to

the mailbox rule, Owens' petition tolls the statute of limitations when he delivers it to prison officials

for mailing.  *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999).  Thus, at the earliest, Owens

"filed" his petition on December 6, 2004.

## II. Analysis

A petitioner seeking federal habeas relief must file his federal petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  A state judgment becomes final "upon denial of certiorari by the Supreme Court or expiration of the period for seeking certiorari." *Ott v. Johnson*, 192 F. 3d 510, 513 (5th Cir. 1999).  As noted above, there is no direct appeal from a guilty plea.  However, the Mississippi Supreme Court has carved out an exception, allowing an appeal from a guilty plea within thirty (30) days when the issue concerns an alleged illegal sentence. (*See Burns v. State*, 344 So.2d 1189 (Miss. 1977); *Trotter v. State*, 554 So.2d 313 (Miss. 1989); *Berry v. State*, 722 So.2d 706 (Miss. 1998); *Campbell v. State*, 743 So.2d 1050 (Miss. App. 1999); and *Acker v. State*, 797 So.2d 966 (Miss. 2001)).  Therefore, Owens' judgment became final on August 21, 1998, thirty days after he was sentenced.  The Antiterrorism and Effective Death Penalty Act's ("AEDPA") one-year time limit has been interpreted to mean that it does not begin to run against a state prisoner prior to the statute's date of enactment, *i.e.* April 24, 1996.  (*See Fierro v. Cockrell*, 294 F.3d 674, 679 (5th Cir. 2002); *Kiser v. Johnson*, 163 F.3d 326, 327-28 (5th Cir. 1999)).  All convictions prior to April 24, 1996, are considered final as of April 24, 1996, for purposes of the AEDPA's period of limitation.  As Owens' conviction occurred after April 24, 1996, this time frame does not apply to the case sub judice.

According to the mailbox rule, Owens' petition tolls the statute of limitations when he delivers it to prison officials for mailing. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999).  At the earliest, Owens "filed" his federal petition when he signed it on December 6, 2004, some 1,932 days after the federal statute of limitations had expired on August 23, 1999.  Based on the

foregoing, Owens' federal petition for habeas corpus is barred by the one-year statute of limitations, unless Owens is entitled to either statutory or equitable tolling.

The first issue is whether statutory tolling occurred during the period between the judgment becoming final and his filing of the federal petition for federal habeas corpus.  28 U.S.C. § 2244(d)(2) provides for tolling of the one-year limitations period during the time in "which a properly filed application for State post-conviction" remains pending.  Owens filed a "Motion for Post-Conviction Relief" in the Harrison County Circuit Court on March 15, 2000.  This motion was filed 205 days late after the August 23, 1999 habeas deadline and was denied by an Order of the trial court filed October 4, 2000.  (*See* Motion and Order, attached to the Respondent's Motion as Exhibits "C" and "D").  Owens then appealed the lower court's denial of relief and on July 1, 2004, the Mississippi Court of Appeals affirmed the lower court's denial in a written opinion.  (*See Owens v. State*, 809 So. 2d 759 (Miss. App. 2002), attached to the Respondents' Motion as Exhibit "E").  Pursuant to § 2244(d)(2), Owens' state post-conviction motions cannot toll the one-year limitations period described in § 2244(d)(1) as they were not filed within the one-year limitations period for filing the petition for writ of habeas corpus.  Owens' petition is therefore barred by § 2244(d), unless Owens persuades this Court that his claim should not be time-barred under the principles of equitable tolling.

Generally, equitable tolling is only available in rare circumstances.  *Fisher v. Johnson*, 174 F.3d 710 (5th Cir. 1999).  Furthermore, in *Rashidi,* the Fifth Circuit stated, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights."  *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996).  Owens has failed to present any argument that would

support equitable tolling.[1]

Without the benefit of equitable tolling, Owens needed to file his federal habeas petition on or before August 23, 1999.  At the earliest, Owens filed his federal habeas petition on December 6, 2004 – the date he signed the federal petition in the above-captioned case.  Owens' Petition is therefore barred by § 2244(d).

### III.  Conclusion

Owens' state court conviction became final on August 21, 1998.  Thereafter, Owens had one year, or until August 23, 1999, to file a federal petition for a writ of habeas corpus.  At the earliest, Owens filed his federal habeas petition on December 6, 2004.  This Court finds that Owens is entitled to neither statutory nor equitable tolling.  Therefore, it is the recommendation of this Court that Owens' Petition for Writ of Habeas Corpus should be dismissed based upon the federal one-year limitations period found in 28 U.S.C. § 2244(d).

In accordance with the Rules of this Court, any party, within ten days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party.  The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United States Auto Ass'n*, 79 F.3d 1425 (5th Cir. 1996).

---

[1]The Court notes that the petitioner did not respond to the Respondents' Motion and presented no argument for equitable tolling.

THIS the   23rd   day of January, 2006.

_____s/ John M. Roper, Sr._____
CHIEF UNITED STATES MAGISTRATE JUDGE